**Parvinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71135.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.

Filed March 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

## MEMORANDUM **

Parvinder Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA" or "Board"), which adopted and affirmed an Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal pursuant to the Immigration and Nationality Act ("INA"), and denying him protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We will grant the petition in part, deny it in part, and remand.

■ Because neither the IJ nor the BIA made an explicit adverse credibility determination in denying relief, we will assume the truthfulness of Singh's testimony. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1191 (9th Cir.2005).

■ Accepting the veracity of Singh's testimony, we are compelled to conclude that Singh has demonstrated a connection between the Indian government's persecutory actions and a political opinion imputed to him. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997) (recognizing that an applicant can establish persecution on account of "political opinion" by showing that the persecutors acted on account of an imputed political opinion). Singh testified that on three separate occasions, occurring in 1984, 1991, and 1996, respectively, the Indian police arrested, detained, and beat him while falsely accusing him of being a member of a militant group seeking the creation of an independent Sikh state known as Khalistan. For example, during one detention, which lasted seven days, the Indian police said to him, "you are Khalistani. You are militants. We happen to know that you're big militants, Khalistanis." Given that there is no evidence that the Indian authorities ever initiated an actual criminal prosecution against him, the explicit references to Singh's imputed political opinion are sufficient to establish past persecution on account of a protected ground. *Ndom v. Ashcroft*, 384 F.3d 743, 755 (9th Cir.2004) ("[P]ersecution, in the absence of any legitimate criminal prosecution, conducted at least in part on account of political opinion, provides a proper basis for asylum and withholding of deportation . . . ." (internal quotation marks and citations omitted)); *see also Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998); *Singh v. Ilchert*, 63 F.3d 1501, 1508–09 (9th Cir. 1995).

■ We are also compelled to conclude that Singh's third detention, which occurred in 1995, was motivated at least in part on account of an imputed political opinion. Although the police did not make

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

any overt references to Singh's political beliefs during that detention, they interrogated him about his assistance to militants and beat him for a period of ten days by "hang[ing] [him] upside down, beat[ing] [him] on the soles of [his] feet." The severity of the abuse, when coupled with the absence of evidence of an actual government prosecution initiated against him, shows that Singh was persecuted during the third detention at least in part because of an imputed political opinion. *See Singh,* 63 F.3d at 1508 ("[E]xtra-judicial punishment of suspected anti-government guerrillas can constitute persecution on account of imputed political opinion.").

■ We reach these conclusions despite other possible motivations, such as national security concerns and intelligence-gathering, behind the persecutors' actions. *See Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000) ("[T]he protected ground need only constitute *a* motive for the persecution in question; it need not be the *sole* motive."); *Singh,* 63 F.3d at 1509 ("[P]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied.").

■ Because Singh has established past persecution, he is entitled to rebuttable presumptions of a well-founded fear of persecution for asylum purposes and a clear probability of future persecution for withholding purposes. *Navas,* 217 F.3d at 657. Since the IJ determined that Singh had not established past persecution, and the BIA affirmed, neither the IJ nor the BIA had the occasion to address the issue of whether the government can make an individualized showing by a preponderance of the evidence that country conditions in India have changed. *See Borja v. INS,*

175 F.3d 732, 738 (9th Cir.1999) (en banc). Therefore, we will grant the petition for review as to the asylum and withholding of removal claims and remand to the BIA for the purpose of determining this issue in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).[1]

■ Substantial evidence supports the denial of the CAT claim because Singh did not show that it is "more likely than not" that he would be tortured if he returned to India. 8 C.F.R. § 208.16(c)(2).

Based upon the foregoing, the petition for review is **DENIED** as to the CAT claim, and **GRANTED** as to the asylum and withholding of removal claims, and the case is **REMANDED** for further proceedings consistent with this disposition.

■■■■■■■■

---

1. At the merits hearing before the IJ, the government presented evidence of changed country conditions for India. *Cf. Baballah v.*

*Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir. 2004).